**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
**(KANSAS CITY)**

---

**UNITED STATES OF AMERICA,**
Plaintiff,

v. **Case No. 2:24-cr-20082-DDC**

**ADRIAN GUTIERREZ,**
Defendant.

---

# MOTION TO REVOKE DETENTION ORDER

---

Adrian Gutierrez, through undersigned counsel, and pursuant to 18 USC § 3145(b), moves to revoke the magistrate judge's detention order imposed on October 25, 2024. D.E. 4. Because Mr. Gutierrez now has a viable release plan, which includes inpatient substance abuse treatment and a bed at Crossroads Restoration House in Topeka, this Court should promptly release Mr. Gutierrez from pretrial custody.

## I. Background

In October 2024, a federal grand jury returned an indictment charging Mr. Gutierrez with producing child pornography, 18 U.S.C. § 2251(a). D.E.1. That same month, Mr. Gutierrez was arrested in California. D.E.2. A federal magistrate judge in California held a detention hearing and detained Mr. Gutierrez. Id. at 3, 13. The magistrate judge found that Mr. Gutierrez was both a flight risk and a risk to the safety of other persons and the community. D.E. 4. Mr. Gutierrez is currently housed at FCI Leavenworth. A status conference is currently set for March 13,

2025. D.E.14. Mr. Gutierrez now moves this Court to revoke the California magistrate judge's detention order and to release him from pretrial custody.

## II. Legal Background

Mr. Gutierrez may move this Court to revoke the California magistrate judge's detention order under 18 U.S.C. § 3145(b). *See*, *e.g.*, *United States v. Sermeno-Hernandez*, No. 24-10014-9-JWB, 2024 WL 3204011, at *2 (D. Kan. June 27, 2024); *United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003). This Court conducts an independent, plenary, de novo determination (i.e., this Court does not defer in any way to the magistrate judge's detention decision). *Cisneros*, 328 F.3d at 616, 616 n.1. Because this determination must be independent and without deference, the magistrate judge's findings "do not" "bear some sort of presumptive weight." *United States v. Campas*, 2024 WL 1526286 at *11 (10th Cir. April 9, 2024) (unpublished); *accord United States v. Green*, 793 Fed. Appx. 223, 226 (5th Cir. 2019) (district court's summary affirmance of magistrate judge's detention order "without making an 'independent determination' . . . was an abuse of discretion"); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) ("a district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion"). This Court must "explore and redetermine factual issues if that proves necessary." *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990); *United States v. Gonzales*, 1998 WL 321218 at *1 (10th Cir. June 5, 1998) (unpublished) (same); *United States v. Garcia*, 445 Fed.

Appx. 105, 108-109 (10th Cir. 2011) (approving the introduction of additional evidence in this context).

This Court should conduct an independent, plenary, de novo determination, revoke the magistrate judge's detention order, and release Mr. Gutierrez from pretrial custody. The following explains.

## III. Argument

### A. Mr. Gutierrez now has a viable release plan that will assure both his appearance in court and the community's safety.

Under 18 U.S.C. § 3142(e), detention is appropriate only if this Court finds that no condition or combination of conditions will reasonably assure Mr. Gutierrez's appearance and the safety of the community. Although there is a presumption of detention in this case, 18 U.S.C. § 3142(e)(3)(E), this presumption is "[s]ubject to rebuttal." 18 U.S.C. § 3142(e)(3). Based on what is now a viable release plan, this Court should find that this presumption is rebutted and release Mr. Gutierrez.

At the detention hearing in California, Mr. Gutierrez proposed that he be released pretrial to live with his family in California. He now has a new (and better) release plan. While detained, Mr. Gutierrez has participated in a substance use evaluation. The evaluator determined that Mr. Gutierrez met the clinical criteria for intermediate substance abuse treatment. Mr. Gutierrez now has a bed date to obtain substance abuse treatment; a bed is available for him at Mirror, located in Topeka, on March 13, 2025, at 1 PM.

Thereafter, Mr. Gutierrez would move to a transitional housing program. He has been accepted to Crossroads Restoration House in Topeka. The support system

provided by Crossroads includes independent living with connections to local employers, housing (utilities included), transportation, mentorship (including spiritual mentorship), and education and soft skill classes (including money management). Additionally, Mr. Gutierrez would participate in mental health treatment at Valeo Behavioral Health.

This new and viable release plan, and the conditions that come with it, will reasonably assure Mr. Gutierrez's presence and the community's safety.

**B. The statutory factors support pretrial release with the conditions addressed above.**

In determining whether release is appropriate, this Court must consider the factors listed in 18 USC § 3142(g). Although the first factor weighs against release because of the nature of the offense, 18 USC § 3142(g)(1), another factor – Mr. Gutierrez's history and characteristics, 18 USC § 3142(g)(3) – weighs strongly in favor of release under the above restrictive conditions. Mr. Gutierrez is a young man (twenty years old), with no prior criminal convictions. At the time of his arrest, he was employed full-time. He graduated from high school and has completed a semester of community college. As an adult, he has never left the country.

To the extent that Mr. Gutierrez has ever posed a danger to the community, that risk would be wholly mitigated by the release plan that Mr. Gutierrez is now proposing. By seeking help for his mental health and substance abuse issues, Mr. Gutierrez seeks to ensure that he is in the most stable and healthy position possible. Moreover, in the release plan that he has proposed, Mr. Gutierrez will be surrounded by help. Rather than living with family members who may not

understand his circumstances, Mr. Gutierrez will be in a living environment where healing and accountability are not only supported, but encouraged.

## IV. Conclusion

Because of a new and viable release plan, continued detention is no longer appropriate in this case. This Court should revoke the magistrate judge's detention order and impose conditions of release consistent with the above-discussed release plan.

Respectfully submitted,

s/ Mary Kennedy
Mary Kennedy, #2301001
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas 66101
Phone: (913) 551-6712
Fax: (913) 551-6562
Email: mary_kennedy@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

s/ Mary Kennedy
Mary Kennedy, #2301001