**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ADRIAN GUTIERREZ (01),**<br><br>**Defendant.** | **Case No. 24-20082-01-DDC** |

**ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**
**(Doc. 15)**

On March 13, 2025, the court conducted a hearing on defendant Adrian Gutierrez's Motion to Revoke Detention Order (Doc. 15). Mr. Gutierrez appeared for the hearing as did counsel for both parties. Mr. Gutierrez's counsel proffered and presented one witness to explain one aspect of the release plan he proposes. He also provided a summary sheet describing the location and other components of his three-part release plan, including substance abuse, mental health, and residential aspects of his proposed arrangement. Government counsel proffered information and provided two exhibits. The first exhibit provided an audio recording of Mr. Gutierrez's original detention hearing in the Central District of California. The second summarized the evidence the government asserts it would present at trial. Finally, the court received and reviewed the Pretrial Services Report prepared by the United States Probation and Pretrial Services Office for the Central District of California.

The court informed the parties that the court would issue an Order deciding the motion, making appropriate findings, and explaining the court's reasoning. This Order delivers those outcomes. The court denies Mr. Gutierrez's motion, and now concludes that detention is

warranted. This Order provides the court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i). The court thus denies Mr. Gutierrez 's request for release pending trial.

**In the court's judgment, this result comports with the prevailing legal standard. But nonetheless, the court retains concerns about the circumstances of Mr. Gutierrez's detention. The court explains its concerns, in bolded format, near the end of this Order. The court also directs government's counsel of record to bring these concerns to the Acting United States Attorney, or other appropriate designee of the Attorney General.**

**Findings of Fact and Law for Presumptions under § 3142(e)**

The court finds a rebuttable presumption arises here, one that presumes no condition or combination of conditions will reasonably assure the safety of any other person and the community. This presumption arises, the court finds, because there is probable cause to believe that Mr. Gutierrez committed an offense involving a minor victim under 18 U.S.C. § 2251(a). *See* § 3142(e)(3)(E). In addition, the court finds, the Indictment charges Mr. Gutierrez with a crime of violence. *See* § 3142(f)(1)(A).

After considering the factors set out in § 3142(g) and all the information presented during the detention hearing here, the court also finds that Mr. Gutierrez hasn't introduced evidence sufficient to rebut this presumption of detention. Also, the government has proved by clear and convincing evidence that it must detain Mr. Gutierrez because no condition or combination of conditions of release reasonably will assure the safety of any other person and the community. The reasons within § 3142(g) for this finding include:

- the weight of the evidence against defendant is strong;
- the defendant, if convicted, is subject to a lengthy period of incarceration;
- defendant lacks stable employment within the District of Kansas; and

- defendant lacks stable employment, a stable residence, and community or family ties within the District of Kansas.

Finally, the court finds by clear and convincing evidence that defendant faces additional prosecutions involving his conduct involving other minors.

The court is mindful that defense counsel worked diligently to assemble a plan that would provide substance abuse and mental health treatment for defendant. Defense counsel's plan also included a residential component—a Joshua house—where defendant would live under supervision of mandated reporter. While the court commends defense counsel's efforts on Mr. Gutierrez's behalf, the court isn't persuaded that this plan would protect the public adequately. Important to this conclusion was the fact that defendant resided in his family's home, with his mother, father, an aunt, and his aunt's two children during the time he allegedly committed the offense charged here. Nothing suggests that his family members knew of conduct like that charged in the Indictment.

Also, the difficulties of monitoring defendant's on-line activities disfavor release. The charged offense accuses Mr. Gutierrez of using the internet and a relatively obscure electronic platform to entice a minor child to produce new images of sexual exploitation. The court lacks confidence that any set of conditions could monitor defendant effectively, if released, and thereby protect the public adequately.

**Conclusion and Directions Regarding Detention**

The court concludes for reasons stated above that it should deny Mr. Gutierrez's Motion to Revoke Detention Order, Doc. 15.

The defendant thus remains remanded defendant to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility where defendant is detained must deliver the defendant to a United States Marshal for the purpose of appearing for court proceedings. **Finally, Mr. Gutierrez is 20 years old, slight in stature, and accused of a notorious crime. The court recommends that the Acting United States Attorney for this judicial district (or other appropriate designee of the Attorney General) consider these factors when it determines Mr. Gutierrez's place and conditions of detention.**

**IT IS SO ORDERED.**

**Dated this 14th day of March 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**