Filed in Open Court
10/06/2026
Skyler B. O'Hara
By M. Garrett
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ADRIAN GUTIERREZ,<br>Defendant. | Case No. 24-CR-20082-DDC |

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney Audrey McCormick, Adrian Gutierrez, the defendant, personally and with his counsel, Bailey Kennedy, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 2251(a), that is, Sexual Exploitation of a Minor. By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not less than 15 years and more than 30 years of imprisonment, a $250,000 fine, a term of supervised release of at least 5 years and no more than life, a mandatory JVTA assessment of $5,000 unless the Court determines the defendant is an indigent person, an AVAA child pornography assessment not more than $50,000, a $100.00 mandatory special assessment, and restitution as outlined further below. The defendant further agrees to forfeit property or money to the United States, as agreed.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

From approximately May 2023 through October 2024, defendant utilized multiple online platforms, including Discord, to locate and engage with dozens of minors online with the intent that defendant would use, persuade, induce, entice, or coerce the minor to engage in sexually explicit conduct for the purpose of transmitting a live visual depiction of such conduct over the internet utilizing his smartphone, a White Apple iPhone 13 in black case; his computer, a Black Lenovo Computer Tower, serial# MJ0D7AP1; or one of his other Apple devices connected to his iCloud account and Apple ID: a White Apple iPhone with broken frame and Apple iPad Air, model# A2902, serial# GNV7XFY9NT. The minor victims include Minor 1 and the additional 20 victims enumerated below.

Defendant routinely engaged the minors on one platform and encouraged the minors to move to a second, more secure platform, like Discord, where his criminal conduct would occur. Defendant often promised the minors Fortnight "VBucks," videogame money, in exchange for the child participating in "dares" or "favors" proposed by defendant. One such common "dare" was to have the minor "rate" the defendant's exposed penis. Another common "dare" was to have the minor mutually masturbate with the defendant over a live call. Often, defendant provided the minor with explicit instructions in the chat feature simultaneous with the live video call. Defendant often misrepresented his true identity by stating he was also a minor and an age similar to the child he was chatting with, instead of identifying his real age or as an adult.

Between July 25, 2023, and August 12, 2023, defendant communicated with Kansas resident Minor 1, a child under the age of 12. The communications started on one platform, and defendant moved the minor over to Discord with the promise of VBucks. Defendant told Minor 1 that defendant was 14 years old. During the Discord communications, defendant asked Minor 1 to rate defendant's penis. Defendant then told Minor 1 to get on a live call with defendant and Minor 1 complied. While on the live call, defendant gave Minor 1 a series of instructions using the chat function to use, persuade, induce, entice, and coerce Minor 1 to engage in sexually explicit conduct on the live video call, including: showing Minor 1 pornography, telling Minor 1 to look at defendant's exposed penis, telling Minor 1 to show defendant Minor 1's penis, telling Minor 1 to masturbate with defendant, telling Minor 1 to get completely naked, face the child's butt toward the camera, and spread open the child's butt cheeks. Minor 1 complied with all of defendant's directions. Defendant then instructed Minor 1 to open his mouth wide, watch the camera, and pretend Minor 1 was sucking defendant's penis. Minor 1 complied. Defendant instructed Minor 1 to spread open his butt cheeks and put a finger inside of Minor 1's anus. Minor 1 complied. Defendant encouraged Minor 1 to do "dares" with Minor 1's younger sister, a child under the age of 12, and asked if Minor 1 had friends that could join their communications. Minor 1 refused to include other children or perpetrate on Minor 1's sister. Defendant was communicating or attempting to communicate with Minor 1 almost every day during the aforementioned time frame. The communications ceased when Minor 1 blocked defendant's account and deleted the Discord app to prevent defendant from communicating with Minor 1.

3. **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

(a) 240 months in prison on Count 1, 18 U.S.C. § 2251(a);

(b) 10 years of supervised release. Defendant further agrees not to request early termination from supervised release;

(c) no fine;

(d) the mandatory special assessment of $100.00;

(e) restitution as outlined further below;

(f) a mandatory special Justice for Victims of Trafficking Act (JVTA) assessment of $5,000, per count of conviction, pursuant to 18 U.S.C. § 3014, if the Court determines defendant is a non-indigent person; and

(g) a mandatory Amy, Vicky, and Andy (AVAA) Child Pornography assessment of up to $50,000, pursuant to 18 U.S.C. 2259A(a)(1)-(3).

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment. Further, the Government has obtained non-prosecution agreements from the United States Attorney's Offices who have jurisdiction over the additional crimes and victims identified below. The non-prosecution agreements will remain in effect for the enumerated victims, who have been identified and who have consented to the terms of this plea agreement and to non-prosecution, as long as the Court accepts the agreement as outlined herein, defendant is ordered to pay the restitution as outlined herein, and defendant does not have his supervised release revoked or request early termination from his supervised release term. The defendant is aware and agrees that the non-prosecution agreements do not apply to any victim that has not yet been identified and who may be identified at a future date. The defendant is aware and agrees that the non-prosecution agreements only bind the enumerated US Attorney's Offices and do not bind any other federal, state or foreign authority from criminally prosecuting the defendant.

| Victim # | Victim Code | Federal District |
|---|---|---|
| 2 | 5-1 | Central District of California |
| 3 | 9-4 | Middle District of Florida |
| 4 | 15-1 | Southern District of Iowa |

| | | |
|---|---|---|
| 5 | 12-1 | District of Idaho |
| 6 | 14-1 | Southern District of Indiana |
| 7 | 16-3 | District of Kansas |
| 8 | 20-1 | District of Maryland |
| 9 | 23-1 | District of Minnesota |
| 10 | 24-1 | Western District of Missouri |
| 11 | 25-1 | Northern District of Mississippi |
| 12 | 28-1 | District of Nevada |
| 13 | 33-1 | Middle District of North Carolina |
| 14 | 33-2 | Middle District of North Carolina |
| 15 | 37-1 | District of Oregon |
| 16 | 38-2 | Eastern District of Pennsylvania |
| 17 | 42-1 | Middle District of Tennessee |
| 18 | 43-1 | Southern District of Texas |
| 19 | 46-2 | Western District of Virginia |
| 20 | 46-3 | Western District of Virginia |
| 21 | 47-1 | Western District of Washington |

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States

reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it

will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9. **Forfeiture of Assets.**

The defendant agrees to the forfeiture of the following property to the United States:

A. White Apple iPhone with broken frame;

B. Apple iPad Air, model# A2902, serial# GNV7XFY9NT;

C. Black Lenovo Computer Tower, serial# MJ0D7AP1; and

D. White Apple iPhone 13 in black case.

The defendant agrees that this property was used or intended to be used to commit or to promote the commission of the commission of Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

10. **Restitution.** The defendant acknowledges that his conduct involved the production and possession of child pornography images of real individuals who are victims in this case, as contemplated in 18 U.S.C. § 2259(c)(4). The defendant understands that restitution is mandated pursuant to 18 U.S.C. § 2259.

For the victim in Count 1, Minor 1, the defendant understands and agrees he will pay for the full amount of the victim's losses, as contemplated in 18 U.S.C. § 2259(b)(1) and (c)(2) and specified further below, as determined by the Court.

The defendant also acknowledges that his conduct involved the production and possession of child pornography images of real individuals who are also victims in this case, meaning they are individuals harmed as a result of a commission of a crime under Chapter 110 of Title 18, but not included in the Indictment. The defendant understands and agrees that he will pay restitution in an amount of at least $3,000 per identified victim from his entire collection and/or criminal conduct (including uncharged victims) for any victim that requests restitution prior to sentencing, not just Minor 1 of the count of conviction.

The defendant knowingly and voluntarily agrees and consents to pay restitution pursuant to 18 U.S.C. § 3663(a)(3) for all losses caused by defendant's relevant conduct in this case, not just losses resulting from the counts of conviction, in *at least* the following amounts:

| **Victim #** | **Victim Code** | **Federal District** | **Restitution** |
|---|---|---|---|
| 1 "Minor 1" | 16-1 | District of Kansas | $3,000 |
| 2 | 5-1 | Central District of California | $3,000 |

| | | | |
|---|---|---|---|
| 3 | 9-4 | Middle District of Florida | No Request |
| 4 | 15-1 | Southern District of Iowa | $3,000 |
| 5 | 12-1 | District of Idaho | $3,000 |
| 6 | 14-1 | Southern District of Indiana | No Request |
| 7 | 16-3 | District of Kansas | $3,000 |
| 8 | 20-1 | District of Maryland | $3,000 |
| 9 | 23-1 | District of Minnesota | $3,000 |
| 10 | 24-1 | Western District of Missouri | $3,000 |
| 11 | 25-1 | Northern District of Mississippi | $3,000 |
| 12 | 28-1 | District of Nevada | $3,000 |
| 13 | 33-1 | Middle District of North Carolina | $3,000 |
| 14 | 33-2 | Middle District of North Carolina | $3,000 |
| 15 | 37-1 | District of Oregon | $3,000 |
| 16 | 38-2 | Eastern District of Pennsylvania | No Request |
| 17 | 42-1 | Middle District of Tennessee | $3,000 |
| 18 | 43-1 | Southern District of Texas | $3,000 |
| 19 | 46-2 | Western District of Virginia | No Request |
| 20 | 46-3 | Western District of Virginia | $3,000 |
| 21 | 47-1 | Western District of Washington | $3,000 |
| **Total** | | | **$51,000** |

(a) The victim(s) and amount(s) shown in the above table reflect all currently identified victims and known loss amounts. In the event additional victims and/or losses are discovered after execution of this Plea Agreement but before sentencing, defendant agrees to pay restitution to the additional victims and/or in the additional amounts for all losses caused by defendant's relevant conduct in this case, and not only for the offense(s) of conviction, pursuant to 18 U.S.C. § 3663(a)(3) and/or 18 U.S.C. § 3663A(a)(3).

(b) Irrespective of any payments by other defendants that are ordered to be jointly and severally liable for restitution, defendant understands he is liable for the full amount of restitution ordered until defendant has paid that amount in full or the victim's loss is repaid in full, whichever occurs first.

(c) Defendant acknowledges that the liability to pay restitution does not terminate until 20 years from entry of judgment or 20 years after defendant's release from imprisonment, whichever is later pursuant to 18 U.S.C. § 3613(b).

11. **Identification of Assets and Agreement Concerning Monetary Penalties.** In order to facilitate the collection of criminal monetary penalties, including restitution, fines, and assessments, to be imposed in connection with this case, defendant agrees as follows:

(a) Payments toward anticipated criminal monetary penalties made prior to sentencing will be held by the Court Clerk and then applied to the criminal monetary penalties following entry of the Judgment in a Criminal Case. If the amount paid prior to sentencing exceeds the amount ordered at sentencing, the United States Attorney's Office will request language to be included in the Judgment in a Criminal case to authorize the Court Clerk to refund any overpayment to defendant. Payments made prior to sentencing can be sent to the following address and should reference defendant's name and case number:

Clerk, U.S. District Court
401 N. Market, Room 204
Wichita, Kansas 67202

(b) Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control of more than $2,000 in value, without written approval from the United States Attorney's Office.

(c) Within 30 days of any request by the United States Attorney's Office, defendant agrees to execute a financial statement and provide supporting documentation. Defendant expressly authorizes the United States to obtain a credit report before sentencing. Further, defendant agrees to execute authorizations for the release of all financial information requested by the United States.

(d) Defendant agrees the United States Attorney's Office may, pursuant to F.R.Civ.P. Rule 45, subpoena any records it deems relevant to conduct a full financial investigation of defendant's assets prior to sentencing.

(e) Defendant authorizes the United States to file a Notice of Lis Pendens prior to judgment on any real property in which defendant holds an ownership interest.

(f) Defendant agrees that all information defendant provides to the United States Probation Office or independently obtained by the United States Probation

Office may be provided to the United States Attorney's Office. Likewise, all information defendant provides to the United States Attorney's Office or independently obtained by the United States Attorney's Office in the course of its financial investigation of defendant may be provided to the United States Probation Office.

(g) All monetary penalties (including any fine, restitution, assessment, or forfeiture judgment) imposed by the Court, will be due and payable immediately and subject to immediate enforcement by the United States. Any payment schedule set by the Court is a minimum schedule of payment and not a limitation on the United States to enforce the judgment.

(h) Defendant waives any requirement for demand of payment on any criminal monetary penalties or forfeiture judgment entered by this Court.

(i) Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default.

(j) If defendant posted funds as security for defendant's appearance in this case, the defendant authorizes the Court to release the funds posted the Court Clerk to be applied to the criminal monetary impositions at the time of sentencing.

(k) Defendant understands he has an obligation to notify the court and the United States Attorney's Office of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution pursuant to 18 U.S.C. § 3664(k).

(l) Defendant understands that failure to comply with the provisions of this section may constitute a breach of this plea agreement, as outlined in Paragraph 6, above.

12. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

13. **Payment of JVTA Assessment.** The defendant understands that an assessment of $5,000.00 shall be imposed for Count 1 pursuant to the JVTA (18 U.S.C. 3014), unless the Court determines the defendant is indigent. The defendant has the burden of establishing indigency.

14. **Payment of Assessments in Child Pornography Cases.** The defendant understands that, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court may impose an additional assessment of not more than $50,000.00 per count for the defendant's conviction under Count 1 pursuant to the AVAA (18 U.S.C. 2259A(a)(1-3)). The defendant also understands that the imposition of an assessment under this section does not relieve him of (nor entitle him to reduce the amount of) any other penalty by the amount of the assessment.

15. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including assessments and restitution, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant further waives his right to appeal the Court's decision to revoke his supervised release and/or probation, as well as any sentence imposed upon revocation of probation or supervised release. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives

the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

16. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

17. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

18. **Megan's Law/Adam Walsh Act Notice.** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. Likewise, the defendant must provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

19. **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority, other than the other United States Attorney's Offices who have committed to a non-prosecution agreement for the identified victims as outlined above.

20. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes

any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

/s/ Audrey McCormick
Audrey McCormick
Assistant United States Attorney

Date: 9/29/26

/s/ Larry Fadler
Larry Fadler
Assistant United States Attorney
Supervisor

Date: 9/29/26

/s/ Ryan Huschka
Ryan Huschka
Criminal Chief

Date: 9/29/26

Adrian Gutierrez
Adrian Gutierrez
Defendant

Date: October 6th 2026

[signature]
Bailey Kennedy
Counsel for defendant

Date: 10-6-26